UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 08-5992(DSD/AJB)

Lionel Pye,

        Plaintiff,

v.   **ORDER**

Nu Aire, Inc., a/k/a Nu Aire
International, Inc., and
Ken McKnight,

        Defendants.

    Stacey R. Everson, Esq., Stephen W. Cooper, Esq. and The
    Cooper Law firm, Loring Green East, 1201 Yale Place,
    Suite A-100, Minneapolis, MN 55402, counsel for
    plaintiff.

    Ansis V. Viksnins, Esq., Christopher A. Grgurich, Esq.
    and Lindquist & Vennum, 80 South Eighth Street, Suite
    4200, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon the motion for summary judgment by defendant Nu Aire, Inc. (Nu Aire).[1] Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

The background of this action is set out in prior orders and the court recites only those facts necessary for the disposition of the instant motion. On November 13, 2008, plaintiff Lionel Pye

---

[1] Defendant's name is NuAire, but the court follows the docket spelling.

filed claims of race discrimination, hostile work environment and termination as a result of retaliation, in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e-2000e-17, and the Minnesota Human Rights Act (MHRA), Minn. Stat. § 363A.15.  The court granted summary judgment on all claims.  In its order, the court addressed the Title VII and MHRA claims together and did not reach the question of administrative exhaustion.  Pye appealed,[2] and the Eighth Circuit affirmed as to the race discrimination and hostile work environment claims and reversed and remanded with respect to the retaliation claims.  See Pye v. Nu Aire, Inc., 641 F.3d 1011, 1023 (8th Cir. 2011).  Nu Aire now moves for summary dismissal of the remaining Title VII claim with prejudice and summary dismissal of the remaining MHRA claim without prejudice.

## DISCUSSION

Dismissal is warranted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

---

[2] Pye also asserted various common law tort and negligence claims, including intentional infliction of emotional distress, intentional interference with an economic advantage, negligence and negligent supervision, training, retention and hiring.  Pye did not appeal summary judgment of these claims.

2

**I.   Title VII Claim**

An employee must exhaust his administrative remedies before bringing discrimination claims under Title VII. See Wilkie v. Dept. of Health & Human Servs., 638 F.3d 944, 949 (8th Cir. 2011). An employee exhausts his administrative remedies by (1) timely filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and (2) receiving notice from the EEOC of the right to sue. Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994) (citing 42 U.S.C. § 2000e-5(b),(c),(e)). In this case it is undisputed that Pye never filed a charge with the EEOC. Pye now argues that Nu Aire waived an exhaustion defense. The court disagrees. Nu Aire raised administrative exhaustion in its answer and again in its first motion for summary judgement. See Answer ¶ 29, ECF. No. 2; Def.'s Mem. Supp. 1, 13, 18, ECF No. 26. Further, the court finds that estoppel and equitable tolling are not warranted. See Gordon v. Shafer Contracting Co., 469 F.3d 1191, 1194 (8th Cir. 2006). Therefore, the court dismisses Pye's Title VII retaliation claim with prejudice.

**II.   MHRA Claim**

The court did not address supplemental jurisdiction in the prior order because it addressed the federal and state claims together. Having now dismissed the Title VII claim, and all other claims over which it had original jurisdiction, the court must

3

consider whether to exercise supplemental jurisdiction over the remaining state-law claim. See 28 U.S.C. § 1367(c)(3); Johnson v. City of Shorewood, 360 F.3d 810, 819 (8th Cir. 2004). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims." Dodson v. Univ. of Ark. for Med. Scis., 601 F.3d 750, 756 (8th Cir. 2010) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)); see also D.J.M. ex rel. D.M. v. Hannibal Pub. Sch. Dist. #60, 647 F.3d 754, 767 (8th Cir. 2011) (affirming dismissal of remaining state-law claims after issues were briefed and discovery completed). Pye argues that he will be prejudiced by having a different finder of fact in state court. The court disagrees; instead the state court is the better arbiter of the remaining MHRA claim. Based on consideration of the pendent jurisdiction factors, the court determines not to exercise its discretion to take supplemental jurisdiction over the MHRA claim. Therefore, the court declines to exercise supplemental jurisdiction and dismisses Pye's remaining state-law claim without prejudice.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Nu Aire's motion for summary judgment [Doc. No. 55] is granted;

2. The court dismisses the Title VII reprisal claim with prejudice; and

3. The remaining MHRA reprisal claim is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 5, 2011            s/David S. Doty
                                  David S. Doty, Judge
                                  United States District Court